George Norris HALL, Plaintiff–
Appellant,

v.

Zbgniew TYSZKIEWICZ, Warden,
et al., Defendants–Appellees.

No. 01–2106.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2002.

Before MERRITT, BOGGS, and MOORE, Circuit Judges.

### ORDER

George Norris Hall, a Michigan state prisoner, appeals pro se the summary judgment for defendants in a civil rights action he filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hall filed this complaint against employees of the Michigan Department of Corrections, alleging that he had been transferred in retaliation for having written a letter to a warden in defense of an employee who was charged with misconduct. After his transfer, blocks which he used to elevate the head of his bed to prevent esophogeal reflux were confiscated and replaced with a wedge which Hall complained actually increased his reflux symptoms. The prison doctor doubled his anti-reflux prescription rather than giving Hall a different medicine he requested. There were no Jewish religious services at the prison, and Hall alleged that he was exposed to environmental tobacco smoke which aggravated his bronchitis. In summary, Hall alleged that defendants had violated his First and Eighth Amendment rights. Defendants moved to dismiss or for summary judgment, and Hall filed a response. Hall also moved to amend his complaint to add another defendant whom he alleged was involved in the retaliatory

transfer. The matter was referred to a magistrate judge, who recommended that defendants be granted summary judgment and the motion to amend be denied. The district court reviewed the magistrate judge's report in light of Hall's objections, and adopted the magistrate judge's recommendation to grant summary judgment to defendants.

Hall reiterates all of his claims on appeal, and argues that his motion to amend should have been granted. He has also filed a motion to stay a district court order entered post-judgment, which awarded costs of $66.20 to defendants, arguing that this action is not final.

Upon consideration, we conclude that the summary judgment for defendants must be affirmed for the reasons stated by the magistrate judge and adopted by the district court, as review of the record shows that there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

 Hall's claim of retaliatory transfer is not supported by the record. A transfer to the institution he preferred was cancelled by defendant Tyszkiewicz because it had not gone through the proper administrative channels. A subsequent transfer was approved by a higher official, but it was not to the institution of Hall's preference. There is some indication in the record that an inmate Hall had to be separated from was at his preferred prison. A subsequent transfer was made to afford Hall special medical treatment. In order to state a claim of retaliation, Hall was required to show that he engaged in protected conduct, that an adverse action was taken that would deter a person of ordinary firmness from continuing to engage in the protected conduct, and that the protected conduct motivated the defen-

dants to take the adverse action. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). There is nothing in the record to support Hall's allegation that any of the transfers were motivated by his letter to the warden, which was not obviously objectionable. There were apparent legitimate reasons for the transfers, and Hall did not even show that any of the defendants whom he accused of retaliation other than Tyszkiewicz were aware of his letter. In response to defendants' motion for summary judgment, Hall was required to point to some affirmative evidence in support of his claim that his letter motivated the transfer decisions. *See Crawford–El v. Britton,* 523 U.S. 574, 600, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Because Hall was unable to make this showing, defendants were entitled to summary judgment.

 Hall's claims about his treatment for esophageal reflux did not state an Eighth Amendment violation, and defendants were also entitled to summary judgment on this issue. Hall's disagreement with the defendants' medical judgment concerning the proper medication and medical aids for his condition does not evidence deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). He also submitted no evidence showing that his condition had worsened following the substitution of a wedge for his bed blocks. The record showed that Hall was receiving treatment for his condition.

 Defendants were also entitled to summary judgment on Hall's claim of lack of Jewish services. Hall admitted that there were insufficient interested inmates at his prison to hold a proper service. The fact that he could only be visited by a rabbi once a month did not deprive him of all means of religious expression and was

not a deprivation of his constitutional rights. *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 352, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Swoboda v. Dubach,* 992 F.2d 286, 290 (10th Cir.1993).

■ Finally, there was no genuine issue of material fact with regard to Hall's claim of being exposed to environmental tobacco smoke. The record shows that the institution has a no-smoking policy and that violators are disciplined. Therefore, Hall cannot argue that defendants are deliberately indifferent to his serious medical needs. *Scott v. District of Columbia,* 139 F.3d 940, 944 (D.C.Cir.1998). Moreover, he submitted no evidence to support his allegation that his bronchitis had worsened.

■ In light of the fact that defendants were entitled to summary judgment on the retaliatory transfer claim, Hall's motion to amend to add a defendant was properly denied. Again, Hall had no evidence that the proposed defendant was privy to his letter to warden Tyszkiewicz which he surmised had motivated the transfer decisions of which he complained.

For all of the above reasons, the summary judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. The motion to stay the district court's order imposing costs is denied.