Carl WILSON, Plaintiff–Appellant,

v.

Jerry HOFBAUER, et al., Defendants–Appellees.

No. 03–2629.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2004.

Carl Wilson, Marquette, MI, pro se.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and STEEH, District Judge.*

## ORDER

Carl Wilson, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Wilson filed suit against a warden (Hofbauer), a deputy warden (Napel), a grievance coordinator (Tallio), a nurse (Ewers), a physician (Quinn), and a resident unit manager (Wood). Wilson asserted that: 1) Hofbauer, Napel, Tallio, and Wood exhibited deliberate indifference to his health in violation of the Eighth Amendment by not adequately enforcing the non-smoking policy that applies to his prison housing unit and by not moving him to a less smoke-filled area of the prison; and 2) Ewers and Quinn denied him medical care in violation of the Eighth Amendment. The district court sua sponte dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

In his timely appeal, Wilson essentially reasserts his claims.

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

Upon de novo review, we conclude that the district court properly dismissed the complaint for failure to state a claim. *See Arrow v. Fed. Reserve Bank,* 358 F.3d 392, 393 (6th Cir.2004); *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000); *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998).

■ Wilson failed to state a claim with regard to exposure to second-hand smoke because he neither alleged that the level of environmental tobacco smoke in the prison created an unreasonable risk of serious damage to his future health, *see Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), nor did he show a serious medical condition necessitating a smoke-free environment. *See Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992). Wilson did not allege that he ever complained to the named defendants or other prison officials about his shortness of breath or chest pains. In a grievance response attached to the complaint, a prison official stated that Wilson was not being followed for any illness in the chronic care clinic and had only been seen for two minor illnesses by health services in a thirty-month period.

■ Even if we assume that Wilson had a serious medical need for a smoke-free environment, Wilson has failed to show that the defendants were deliberately indifferent to that need. *See Farmer v. Brennan,* 511 U.S. 825, 837–47, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Michigan Department of Correction (MDOC) prohibits smoking inside of all occupied buildings, including prisoner housing units, and subjects violators of that policy to disciplinary action. *See* MDOC Policy Directive 01.03.140. Although Wilson summarily alleged that the non-smoking policy was not fully enforced, Wilson failed to allege a single incident where a named defendant was aware that a smoking violation was occurring, but did not act. Gen-

erally, wholly conclusory allegations are insufficient to state a cognizable claim for relief. *See Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986). Furthermore, imperfect enforcement of the policy shows, at most, negligence by the defendants, rather than deliberate indifference. *See Hall v. Tyszkiewicz,* 28 Fed.Appx. 493, 495–96 (6th Cir.2002) (unpublished); *Scott v. Dist. of Columbia,* 139 F.3d 940, 944 (D.C.Cir.1998).

■ Wilson failed to state a claim for denial of medical care as he had received some medical care and was merely disputing the adequacy of the treatment. *See Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.