RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0154p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

LUTFI SHAQF TALAL,

*Petitioner-Appellant,*

*v.*

No. 03-6584

QUENTON WHITE, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 03-00928—William J. Haynes, Jr., District Judge.

Submitted: December 6, 2004

Decided and Filed: March 31, 2005

Before: GUY and COLE, Circuit Judges; TARNOW, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Lutfi Shaqf Talal, Only, Tennessee, pro se.

_____

## OPINION

_____

ARTHUR J. TARNOW, District Judge. Appellant, Lutfi Shaqf Talal (a.k.a. James Taylor), appeals the district court's dismissal of his civil rights complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. The issues on appeal are whether (1) the district court erred in dismissing the Middle Tennessee Reception Center (MTRC) defendants; (2) Talal has stated a viable Eighth Amendment claim based on exposure to high levels of environmental tobacco smoke (ETS or smoke); and (3) Talal's allegations of retaliation are sufficient to state a claim under the First and Fourteenth Amendments. The Court must also decide whether to grant Talal's request for appointment of counsel. Upon review of the record and applicable law, we find no error on the part of the district court in dismissing the MTRC defendants. However, we conclude that Talal has alleged facts sufficient to satisfy the components of an Eighth Amendment claim. Therefore, we **AFFIRM** the district court's decision regarding the MTRC defendants but **REVERSE** with regard to the Eighth Amendment claim. Because the district court did not address the retaliation claim, we

_____

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

**REMAND** that issue for the Court's consideration.  We **GRANT** Talal's request for appointed counsel.

## I. BACKGROUND

Talal is an inmate in the Turney Center Industrial Prison (TCIP) in Only, Tennessee.  He is allergic to tobacco smoke and is housed in a non-smoking unit.  On October 3, 2003, Talal filed a *pro se* civil rights complaint against the Tennessee Department of Corrections and more than forty individual officials pursuant to 42 U.S.C. § 1983.  He alleged that the defendants violated the Eighth Amendment by smoking in the non-smoking inmate housing areas at TCIP and MTRC in Nashville; allowing inmates to smoke in the non-smoking areas and providing them with tobacco; placing smoking and non-smoking prisoners in the same cells; and permitting smoking in the general areas of the prisons.  He also alleged that corrections officer Polly Marchen retaliated against him in violation of the First and Fourteenth Amendments by refusing to enforce the prison's no-smoking policy and deliberately exposing him to high levels of smoke.

On October 10, 2003, the district court dismissed Talal's complaint without prejudice, explaining that, although he demonstrated exhaustion of administrative remedies as to the TCIP defendants, he failed to demonstrate exhaustion as to the MTRC defendants.  Talal then moved to amend his complaint pursuant to Federal Rule of Civil Procedure 59, seeking to strike the MTRC defendants and set aside the dismissal of his claims against the TCIP defendants.

The district court granted Talal's request to strike the MTRC defendants.  In its order of November 19, 2003, the court stated that it would grant the motion "in part to set aside only the dismissal of [his] claims against the TCIP defendants for lack of exhaustion [of] administrative remedies."  The Court then addressed Talal's Eighth Amendment claims against the TCIP defendants and concluded that he failed to state a claim upon which relief could be granted.  Accordingly, the Court dismissed Talal's claims pursuant to 28 U.S.C. § 1915A(b)(1).  The court did not address the retaliation claim.[1]

From this order, Talal appeals.

## II. ANALYSIS

### A. Dismissal of the MTRC Defendants

Talal first argues that he exhausted his administrative remedies as to the MTRC defendants, and the district court, therefore, erred in dismissing his claims against these defendants.  The record reveals that, although the district court initially dismissed the complaint in its entirety for failure to demonstrate exhaustion as to the MTRC defendants, Talal moved to strike the MTRC defendants in order to revive his claims against the TCIP defendants.  Because the district court granted the motion, the MTRC defendants were dismissed pursuant to Talal's own action.  Thus, he has no right to appeal the MTRC defendants' dismissal. *See United States v. Barrow,* 118 F.3d 482, 490 (6th Cir. 1997) ("[A] party may not complain on appeal of errors that he himself invited or provoked the court or the opposite party to make.").  By moving to strike the MTRC defendants, rather than seeking to cure his pleading deficiency, Talal effectively conceded that he did not exhaust his available administrative remedies as to the MTRC defendants.

---

[1]The district court dismissed Talal's complaint prior to service upon the defendants.  Thus, the defendants have not filed a brief.

## B.  Deliberate Indifference

Talal's chief complaint is that the defendants violated his Eighth Amendment rights by subjecting him, and allowing him to be subjected, to excessive levels of ETS.  Pursuant to 28 U.S.C. § 1915A(b)(1), the district court dismissed this claim on the grounds that (a) Talal failed to allege specific facts showing deliberate indifference by the individual defendants, and (b) the penal institutions have non-smoking pods, which, the court reasoned, reflects a no-smoking policy which is inconsistent with deliberate indifference.

We review a district court's dismissal under section 1915A *de novo.  McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).  Generally, a claim of deliberate indifference presents a mixed question of law and fact, the resolution of which mandates that we compare the defendants' conduct with the legal standard of deliberate indifference. *Williams v. Mehra,* 186 F.3d 685, 690 (6th Cir. 1999).  Mixed questions of law and fact are also reviewed *de novo.  Id.*  Because the district court dismissed this case before the defendants were served, the facts are one-sided and, therefore, undisputed.  The issue, then, is purely legal – whether Talal's complaint states a violation of clearly established law.  *See id.*

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain'" on a prisoner by acting with "deliberate indifference" to the prisoner's serious medical needs. *Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)).  The test for determining deliberate indifference based on exposure to ETS has both objective and subjective components. *Helling v. McKinney,* 509 U.S. 25, 35 (1993).  To satisfy the objective component, a prisoner must show that his medical needs are "sufficiently serious." *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir. 1992).  The exposure to smoke must cause more than "mere discomfort or inconvenience." *Id.* at 735.  Additionally, the prisoner must demonstrate that the risk is one which society deems "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling,* 509 U.S. at 36.  To satisfy the subjective component, a prisoner must show that prison authorities knew of, and manifested deliberate indifference to, his serious medical needs. *Id.* at 32.

### 1.  *The Objective Component*

In *Hunt,* 974 F.2d at 736, we acknowledged that forcing a non-smoking prisoner with a serious medical need to share a cell with a prisoner who smokes violates the Eighth Amendment's objective component.  Among the cases we cited in *Hunt* was *Steading v. Thompson,* 941 F.2d 498 (7th Cir. 1991), wherein the Seventh Circuit explained:

> Prisoners allergic to the components of tobacco smoke, or who can attribute their serious medical conditions to smoke, are entitled to appropriate medical treatment, which may include removal from places where smoke hovers.

*Id.* at 500.

Here, Talal alleges that he has been subjected to excessive levels of smoke at the hands of both staff and other inmates and that TCIP's ventilation system merely re-circulates smoke-filled air.  Additionally, he has substantiated that he suffers from ETS allergy.  The record contains medical documentation evidencing this fact and establishing that smoke causes Talal sinus problems and dizziness.  On several occasions, medical staff recommended that Talal have a non-smoking cell partner.  On at least one occasion, medical staff recommended that he be placed in a non-smoking

unit.  Based upon these facts, we conclude that Talal has alleged that he has a medical condition which is sufficiently serious to satisfy the objective component of the *Helling* test.**2**

### 2. The Subjective Component

"The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer v. Brennan,* 511 U.S. 825, 843 (1994) (quoting *Helling,* 509 U.S. at 35). To prevail under the subjective component, a prisoner must allege specific incidents of deliberate indifference by prison officials.  *See Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986) ("Some factual basis for [§ 1983] claims must be set forth in the pleadings."); *Scott v. Dist. of Columbia,* 139 F.3d 940, 942-44 (D.C. Cir. 1998) (explaining that mere imperfect enforcement of a no-smoking policy does not rise to the level of deliberate indifference when prison officials make good faith efforts to enforce the policy).**3**

In the instant case, the complaint and attached exhibits indicate that prison officials were aware of Talal's allergy.  There are several medical records and at least one "limited activity notice" which reference either his allergy or his need for a non-smoking cell partner.  Additionally, Talal alleges that officers at TCIP smoked and allowed prisoners to smoke in the non-smoking units.  On February 24, 2003, for example, Defendant Moore smoked and allowed inmates to smoke in the non-smoking unit of TCIP.  Talal's complaint is replete with specific examples of such disregard.

Attached to Talal's complaint is a copy of the minutes of a May 20, 2003, hearing of the Grievance Board Office.  The drafter of the minutes noted:

> The grievance speaks for itself.  [A female officer, unidentified] is still smoking in the pod.  When she smokes in the pod, it means that everyone else is able to smoke in the pod too.  Pods are non-smoking areas.

The Board recommended that "[n]on-smoking policies should be followed."  Although the minutes do not reference Talal specifically, the hearing ostensibly concerns a grievance which Talal filed.  There is evidence that Talal filed several grievances regarding ETS.  Apparently, none of the grievances yielded any affirmative responses from corrections officials.

On June 24, 2003, Talal requested a cell change, citing "non smoking celly" as the reason for the request.  The officer who reviewed the request denied it on the ground that Talal was entitled to only one cell change each year.

The situation here is in stark contrast to that in *Scott,* 139 F.3d 940.  There, prison officials made good-faith efforts to enforce the prison's no-smoking policy.  Violators of the policy were punished and grievances relating to ETS were acted upon.  The allegations made by Talal reflect not only knowledge but "obduracy and wantonness" on the part of corrections officials.  *See Whitley v. Albers,* 475 U.S. 312, 319 (1986) (defining the Eighth Amendment's "cruel and unusual" prohibition).  Contrary to the district court's opinion, the mere existence of non-smoking pods does not insulate a penal institution from Eighth Amendment liability where, as here, a prisoner alleges

---

**2***Cf. Palacio v. Hofbauer,* 106 Fed. Appx. 1002, 1005 (6th Cir. 2004) (unpublished) (holding that prisoner who substantiated his claim of bronchitis stated a claim under the Eighth Amendment).

**3***See also Wilson v. Hofbauer,* 113 Fed. Appx. 651, 653 (6th Cir. 2004) (unpublished) (rejecting claim of deliberate indifference where prisoner failed to allege a single incident where a named defendant had knowledge of a smoking violation).

and demonstrates deliberate indifference to his current medical needs and future health. The district court's dismissal of this claim was erroneous.

## C.  Retaliation

Talal alleges that Defendant Marchen violated his First and Fourteenth Amendment rights by retaliating against him for filing grievances regarding his exposure to smoke. The specific alleged incident of retaliation occurred as Talal was engaged in legal work at a pod table. Marchen directed him to cease his activity because, according to prison policy, the tables were to be used only for games. Talal obeyed the directive but commented upon Marchen's failure to enforce the no-smoking policy. Marchen then ordered him to gather his belongings because she was having him "locked up and moved out of her pod." She told him that she was tired of hearing him complain about smoke. Talal spent a day in segregation and was subsequently placed in a cell with a "chain smoker."

The district court did not address the retaliation claim in its orders. Because we have no decision to review, we must remand the issue to the district court.

## III.  CONCLUSION

The district court did not err in dismissing the MTRC defendants. However, the Court erred in dismissing Talal's Eighth Amendment claim of deliberate indifference. Therefore, we **AFFIRM** the order in part, **REVERSE** in part, and **REMAND** for further proceedings. Additionally, we **GRANT** Talal's request for appointed counsel. Upon remand, the Court shall address the retaliation claim and appoint counsel for Talal. The court shall also direct service of the complaint upon the defendants.