Rejujio **PALACIO**, Plaintiff–Appellant,

v.

Jerry **HOFBAUER**; Robert Napel; Casey Tallio; Scott Ewers; Pamela Lajewski–Pearson, Defendants–Appellees.

No. 03–2613.

United States Court of Appeals, Sixth Circuit.

Sept. 3, 2004.

Rejujio Palacio, Southern Michigan Correctional Facility, Jackson, MI, for Plaintiff–Appellant.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

*ORDER*

Rejujio Palacio, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief may be granted. Palacio has filed a motion for the appointment of counsel on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Palacio is currently a prisoner confined at the Marquette Branch Prison in Marquette, Michigan. He filed this civil rights action against Jerry Hofbauer, Warden; Robert Napel, Deputy Warden; Casey Tallio, Grievance Coordinator; Scott Ewers, Registered Nurse; and Pamela Lajewski–Pearson, Resident Unit Manager, alleging violations of his Eighth Amend-

ment rights against cruel and unusual punishment. Palacio's original complaint identified two Eighth Amendment claims: 1) that defendants Hofbauer, Napel, Lajewski–Pearson, and Tallio were deliberately indifferent to Palacio's safety in allowing him to be exposed to environmental tobacco smoke (ETS), which he alleges poses an unreasonable risk of serious damage to his health; and 2) that defendant Ewers acted with deliberate indifference to Palacio's serious medical needs in refusing to treat his symptoms attributed to exposure to ETS and in failing to have Palacio examined for the medical problems of which he complained. Palacio seeks monetary damages as well as declaratory and injunctive relief.

The district court dismissed Palacio's complaint for failure to state a claim and discerned no good-faith basis for appeal. Palacio filed a notice of appeal and subsequently filed a brief in this court.

On appeal, Palacio has separated his original claims into four issues: 1) the district court improperly dismissed Palacio's medical deliberate indifference claim against defendant Ewers by making clear legal errors and erroneous factual findings; 2) the district court improperly dismissed Palacio's cruel and unusual punishment claim against defendants Hofbauer, Napel, Tallio, and Lajewski–Pearson for exposing him to ETS by making erroneous findings of the facts and abusing its discretion; 3) the district court erred by dismissing Palacio's complaint for failure to state a claim upon which relief may be granted; and 4) the district court abused its discretion in dismissing Palacio's pro se complaint for failure to state a claim without providing him with notice of its deficiencies and an opportunity to amend the complaint. The first three claims are best addressed as restatements of Palacio's original two claims for ETS exposure and the denial of medical care.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). The Prison Litigation Reform Act ("PLRA") requires district courts to screen and dismiss complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In reviewing the dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998).

■ The district court improperly dismissed Palacio's complaint involving ETS exposure for failure to state a claim. A viable Eighth Amendment claim has an objective and a subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires that the injury be serious, while the subjective component requires that the defendant act with deliberate indifference to the inmate's health or safety. *Id.* A prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet disregards the risk by failing to take reasonable measures to abate it. *Id.* at 837–47, 114 S.Ct. 1970. In the context of an inmate's "secondhand smoke" claim, the plaintiff must establish that he has a serious medical need for a smoke-free environment, *see Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992), or that, regardless of his current health, the level of ETS in the prison creates an unreasonable risk of serious damage to his future health. *Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

The district court improperly held that Palacio failed to state an Eighth Amendment claim regarding ETS exposure. Palacio substantiated his claim that he has bronchitis, a medical condition that is exacerbated by ETS. Thus, he has stated a claim that he has a medical need for a smoke-free environment. Palacio alleges that the nonsmoking policy is rarely enforced in the housing units, and he has supplied affidavits from other prisoners who are bothered by smoke as well as one affidavit from a prisoner who smokes in the housing block. Prison authorities have responded to Palacio's grievances, petition, and complaint by simply citing the non-smoking policy and apparently taking no further action. Palacio has stated a claim that the prison officials knew of the risk to his health, and failed to take reasonable measures to abate it.

■ The district court properly dismissed Palacio's complaint as to the denial of medical care for failure to state a claim. Prison authorities may be sued for deliberate indifference to the serious medical needs of prisoners under the Eighth Amendment because such indifference constitutes the unnecessary and wanton infliction of pain. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The defendant's conduct or lack of conduct must demonstrate a knowing indifference to a serious medical need. *See, e.g., Hicks v. Frey,* 992 F.2d 1450, 1454–57 (6th Cir.1993). Allegations of inadvertent failure to provide adequate medical care fail to state a cause of action. *See Farmer,* 511 U.S. at 835, 114 S.Ct. 1970; *Estelle,* 429 U.S. at 105, 97 S.Ct. 285; *Durham v. Nu'man,* 97 F.3d 862, 868–69 (6th Cir. 1996).

The district court properly held that Palacio failed to state a claim with regard to the denial of medical care. The district court noted that Palacio did receive an examination and treatment from a doctor, and that Palacio's allegations of inadequate medical treatment or a delay in treatment fail to state an Eighth Amendment claim. Palacio would have had to submit medical evidence verifying that the delay in treatment worsened his condition in order to state an Eighth Amendment claim. *Napier v. Madison County,* 238 F.3d 739, 742 (6th Cir.2001).

Palacio has not stated a claim for deliberate indifference to a serious medical need. In his health care requests, Palacio attributes his symptoms to ETS, a problem which medical staff could not correct. As the district court properly noted, defendant Ewers's response did not constitute deliberate indifference because it referred Palacio to a prison official who had the authority to address his problem. Moreover, Palacio did receive an examination and treatment by a doctor less than a month after his initial health care request. Thus, the district court properly dismissed Palacio's Eighth Amendment claim.

■ Palacio argues that the district court should have informed him of the deficiencies in his complaint and given him an opportunity to amend it. The district court did not err. The PLRA, which requires district courts to screen all civil actions filed by prisoners, has overruled the procedures set forth in *Tingler v. Marshall,* 716 F.2d 1109, 1111–12 (6th Cir. 1983), which prohibited a district court from *sua sponte* dismissing a plaintiff's suit unless the court first gave the plaintiff the opportunity to amend or correct the deficiencies in the complaint. *McGore,* 114 F.3d at 612. Because Palacio's complaint meets the requirements of § 1915A, the district court properly dismissed it *sua sponte.*

Accordingly, the judgment of the district court with respect to the ETS claim is

vacated and the case is remanded for further proceedings on this claim. The judgment of the district court with respect to the denial of medical care claim is affirmed. The motion for appointment of counsel is denied. Rule 34(j)(2)(c), Rules of the Sixth Circuit.