NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0271n.06

No. 10-1515

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Apr 28, 2011**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| WALTER JONES, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| PATRICIA CARUSO, Warden, Director (MDOC), in | ) | |
| her official and individual capacities, KENNETH | ) | |
| McKEE, Warden, in his official and individual | ) | |
| capacities; LISA ENGLISH, in her official and | ) | |
| individual capacities; UNKNOWN PERRY, in his | ) | |
| official and individual capacities; CARMEN | ) | |
| PALMER, Warden, in her official and individual | ) | |
| capacities; CHRIS BOUCK, in his official and | ) | |
| individual capacities; JOHN PRELESNIK, in his | ) | |
| official and individual capacities; DAWN M. | ) | |
| LOVETT, in her official and individual capacities, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: NORRIS, ROGERS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiff Walter Jones, a pro se Michigan prisoner, appeals the district court's grant of

summary judgment in favor of defendants in this 42 U.S.C. § 1983 civil rights action. Jones also

requests that this court appoint him counsel to represent him on appeal. For the following reasons,

we dismiss the appeal in part, affirm in part the district court's judgment, and, accordingly, deny

Jones's request for appointment of counsel.

I.

Jones filed a pro se civil rights action regarding his exposure to Environmental Tobacco Smoke ("ETS") during his incarceration at three Michigan correctional facilities. In his complaint, Jones asserted claims under both the Eighth and First Amendments. Jones alleged that: (1) defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to ETS, and (2) defendants John Prelesnik and Dawn Lovett violated his First Amendment rights by transferring him from Richard Handlon Correctional Facility ("MTU") to Ionia Maximum Correctional Facility – an institution with allegedly worse ETS – after he complained about the ETS at MTU. Jones sought injunctive, declaratory, and monetary relief.

Defendants, highlighting the inadequacy of Jones's evidence and asserting a defense of qualified immunity, moved for summary judgment. The magistrate judge agreed with their evidentiary assessment and recommended granting their motion. After reviewing the parties' objections, the district court adopted the magistrate judge's report and recommendation with regard to Jones's claims, but declined to do likewise for the qualified immunity defense because such a ruling was unnecessary to resolve the case.

Jones now timely appeals.

II.

Before discussing Jones's arguments, we must address a jurisdictional issue not raised by the parties: mootness. Under Article III of the United States Constitution, the jurisdiction of federal courts extends only to actual, ongoing cases or controversies. *Lewis v. Cont'l Bank Corp.*, 494 U.S.

472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Id.* "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993) (citation and internal quotation marks omitted). Mootness is a jurisdictional issue; "[q]uestions of jurisdiction are fundamental matters which we may review sua sponte." *Id.* at 721.

Regarding his Eighth Amendment claim, Jones sought declaratory and injunctive relief and damages. On February 1, 2009 – during the pendency of litigation in the district court – Michigan Department of Corrections ("MDOC") Policy Directive 01.03.140 banned smoking inside all MDOC buildings. This Policy Directive rendered moot Jones's injunctive and declaratory requests because "[n]othing remains to be enjoined or declared improper." *Berger*, 983 F.2d at 724; *cf. Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained). Accordingly, damages is the only relief potentially available for Jones on his Eighth Amendment claim.

### III.

Next, we turn to the merits of Jones's appeal. We review an order granting summary judgment de novo. *Wimbush v. Wyeth*, 619 F.3d 632, 636 (6th Cir. 2010). Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Int'l Dairy Foods Ass'n v. Boggs*, 622 F.3d 628,

635 (6th Cir. 2010). When considering a motion for summary judgment, the court should, viewing the evidence in a light most favorable to the nonmoving party, *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986); *Lanier v. Bryant*, 332 F.3d 999, 1003 (6th Cir. 2003), determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *Int'l Union v. Cummins, Inc*., 434 F.3d 478, 483 (6th Cir. 2006).

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty*., 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "The test for determining deliberate indifference based on exposure to ETS has both objective and subjective components." *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). For the objective component, "a prisoner must show that his medical needs are 'sufficiently serious.'" *Id.* (quoting *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992)).

To survive summary judgment, Jones was required to present evidence of a "medical condition[] . . . such that exposing [him] to ETS represents a serious health threat," rather than a "mere discomfort." *Hunt*, 974 F.2d at 735. The district court determined that the evidence showed that Jones had asthma, but his symptoms were "relatively minor" and could be managed "with the

use of his inhalers and other medication."[1]  Although Jones urges otherwise, the medical records submitted by him do not indicate that he suffered from exposure to ETS, despite the prescribed treatments.  In short, Jones's evidence does not show that his ETS exposure was "a serious health threat[.]"  *Hunt*, 974 F.2d at 735; *accord Scott v. District of Columbia*, 139 F.3d 940, 943 (D.C. Cir. 1998) (holding the prisoner's evidence inadequate because "[he] failed to demonstrate a causal relationship between his [asthma] and an increased risk of harm to him from second-hand smoke").  Accordingly, we discern no error in the district court's grant of summary judgment in favor of defendants on Jones's Eighth Amendment claim.[2]

Jones next takes issue with the district court's ruling on his retaliation claim, in which he alleged a retaliatory transfer due to grievances he lodged about ETS.  A prisoner's claim that prison

---

[1]In his appellate brief, Jones contends that the district court failed to properly consider that he also suffered from bronchitis.  Jones, however, has not provided evidence that his resulting symptoms posed a "serious health threat[.]"  *Hunt*, 974 F.2d at 735.  As a result,  Jones has failed to substantiate his Eighth Amendment claim as it pertains to his bronchitis.

[2]Jones argues that the district court "held [him] to a higher standard which is not supported by the governing law."  In Jones's estimation, the district court erred by not applying case law decided under Rule 12(b)(6) and 28 U.S.C. § 1915A – namely, *Talal*, 403 F.3d at 426-28 and *Palacio v. Hofbauer*, 106 F. App'x 1002, 1004-06 (6th Cir. 2004) (unpublished).

The district court correctly applied the law of summary judgment.  For nearly three decades now, "the burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In other words, the court rightfully held Jones to a different standard than the litigants in *Talal* and *Palacio* because those prisoners' complaints were analyzed under 28 U.S.C. § 1915A to determine whether they "state[d] a claim upon which relief may be granted[.]"  28 U.S.C. § 1915A(b)(1) (2006); *see also Talal*, 403 F.3d at 426-28; *Palacio*, 106 F. App'x at 1004-06.

officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc). In this context, a retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) a causal connection exists between the first two elements – i.e., the prisoner's protected conduct motivated, at least in part, the adverse action. *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X*, 175 F.3d at 394).

Filing a grievance is protected conduct under the First Amendment. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). But, generally, a transfer to another institution "does not constitute an adverse action since a transfer is merely an ordinary incident of prison life." *See Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005). As such, an alleged retaliatory transfer ordinarily "should be characterized as *de minimis* and dismissed at the summary judgment stage." *Id*. at 703.

In *Siggers-El*, we carved out an exception for cases in which foreseeable, negative consequences "inextricably follow" from the transfer – such as the prisoner's loss of his high-paying job and reduced ability to meet with his lawyer. *Id.* at 701-02. In these exceptional cases, "'[w]hether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a *question of fact*.'" *Id*. at 703-04 (alteration in original) (quoting *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)). Thus, to survive summary judgment on his retaliation claim, Jones needed to "make a sufficient showing[,]" *Celotex*, 477 U.S. at 323, of the

foreseeable, negative consequences that "inextricably follow[ed]" from his transfer, *Siggers-El*, 412 F.3d at 701-02.

Here, Jones has not sufficiently demonstrated that Prelesnik and Lovett should have foreseen the allegedly negative consequences that resulted from his transfer. As the district court stated: "Although Plaintiff claims that the facility had a worse living environment, Plaintiff fails to allege that the facility lacked smoke or tobacco-free housing or that Defendants Prelesnik and Lovett had any basis to believe that Plaintiff would be denied a request to be housed in such facilities." Accordingly, Jones's retaliation claim fails as a matter of law and was properly dismissed.

## IV.

For these reasons, we dismiss the appeal in part, affirm in part the district court's judgment, and, accordingly, deny Jones's request for appointment of counsel.