UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Ronald Blue West

    v.                            Case No. 13-cv-528-SM
                                       Opinion No. 2014 DNH 023

Deborah G. Schult,
Warden, FCI Berlin

**O R D E R**

Before the court is Ronald Blue West's:  complaint (doc. no. 1), motion to appoint counsel (doc. no. 3), motion to show exhaustion of administrative remedies (doc. no. 8), motion to attempt to settle administrative remedies (doc. no. 11), and motion for summary judgment (doc. no. 13).  West is a prisoner at the Federal Correctional Institution in Allenwood, Pennsylvania ("FCI-Allenwood"), who was incarcerated at relevant times in the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin").  West's complaint asserts claims against FCI-Berlin prison officials under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §§ 2671-2680.  The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A.

**Claims**

West has asserted that FCI-Berlin prison officials violated his federal constitutional rights, contravened federal Bureau of Prisons ("BOP") regulations, and/or engaged in tortious conduct, actionable under <u>Bivens</u> and/or the FTCA, in that, prison officials:

    1.   Improperly classified West, resulting in the denial of a prison job, in violation of West's rights to due process and equal protection under the Fifth Amendment, and BOP nondiscrimination policies;

    2.   Denied West his own denture adhesive, in violation of the Eighth Amendment, the Fifth Amendment, and BOP nondiscrimination policies;

    3.   Post-dated a grievance, thereby rendering that grievance untimely, in violation of the Fifth Amendment, and BOP nondiscrimination policies; and

    4.   Reclassified and transferred West to FCI-Allenwood after he had filed grievances at FCI-Berlin, in retaliation for West's exercise of his First Amendment rights.


**Discussion**

I.   <u>Preliminary Review</u>

A.   <u>Standard</u>

The court undertakes a preliminary review of West's complaint, pursuant to 28 U.S.C. § 1915A, to determine whether the action may proceed.  In determining whether a pro se complaint states a claim, the court construes the complaint liberally.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether

2

the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

B.    Equal Protection

West asserts that actions of BOP employees have violated his Fifth Amendment equal protection rights. To state such a claim, West must allege facts to show that he was treated differently than other similarly-situated prisoners, and that the reason for any different treatment was illegal race discrimination or discrimination on the basis of some other improper classification. See LeBaron v. Spencer, 527 F. App'x 25, 32 (1st Cir. 2013).

Stripped of legal conclusions about prison officials' discriminatory conduct, West has not asserted any facts to demonstrate that he was treated differently than any similarly-situated inmate with respect to the events underlying the claims in this complaint, or that any action taken by any BOP employee was based on any improper consideration. Accordingly, West has failed to state a plausible equal protection claim.

C.    Denial of Prison Job and Improper Classification

1.    Due Process

West complains that he was classified improperly, resulting in his ineligibility for a prison job in the FCI-Berlin kitchen.

Prison inmates do not have a protected liberty interest in any prison job or classification while incarcerated. See Huff v. United States, No. 9:09-CV-00520-RBH, 2011 WL 862031, at *2 n.3 (D.S.C. Mar. 10, 2011) (citing authorities); cf. Santana-Rosa v. United States, 335 F.3d 39, 44 (1st Cir. 2003) (classification decisions are discretionary). West has thus failed to state a plausible Bivens claim concerning his classification or job status.

2. FTCA

As to the FTCA, the court finds that job assignments and classification decisions are discretionary functions of prison administration, and that discretionary functions are not the proper subject of an FTCA claim. See Huff, 2011 WL 862031, at *2 n.3 (D.S.C. Mar. 10, 2011) (inmate job assignment is discretionary act (citing authorities including 28 U.S.C. § 2680(a) (FTCA waiver of sovereign immunity does not apply to discretionary acts)); see also Santana-Rosa, 335 F.3d at 44 (classification decisions are discretionary functions). Moreover, the documents filed in connection with the complaint belie West's allegation that he was classified as a Posted Picture File ("PPF") inmate without cause. Accordingly, West has failed to state a plausible FTCA claim with respect to his job assignment and classification.

D.   Denture Adhesive

    1.   Fifth and Eighth Amendment Claims

West alleges that a prison property officer refused to give him his denture adhesive on one occasion.  West's allegations, taken as true with all reasonable inferences construed in West's favor, do not show that the failure to provide West with the denture adhesive constituted "deliberate indifference" to his "serious medical needs."  Farmer v. Brennan, 511 U.S. 825, 834-35 (1994).  Accordingly, West has failed to state a plausible Eighth Amendment claim.

Furthermore, the prison property officer's failure to give West his denture adhesive did not deny West due process.  See Bowens v. U.S. Dep't of Justice, 415 F. App'x 340, 344 (3d Cir. 2011) ("deprivation of property by a government employee does not violate due process so long as an adequate post-deprivation system is in place," and "BOP's Administrative Remedy Program . . . qualifies as such an adequate system" (citing, inter alia, Hudson v. Palmer, 468 U.S. 517 (1984))).  Accordingly, West has failed to plead a plausible Bivens claim relating to the dental adhesive.

    2.   FTCA

Under the FTCA, the United States has not waived its sovereign immunity for a claim that a prison guard has improperly lost or detained an inmate's property.  See Ali v. Fed. Bureau of

5

Prisons, 552 U.S. 214, 228 (2008) (citing 28 U.S.C. § 2680(c)). Accordingly, the FTCA does not provide West with a cause of action relating to the denture adhesive.

    E.    <u>Post-Dated Grievance</u>

    1.    <u>Due Process</u>

West alleges that a prison official improperly post-dated a grievance he submitted, rendering it untimely, and that in doing so, prison officials violated his rights under the Due Process Clause. "The due process clause does not, in and of itself, confer upon any inmate a right to pursue grievance proceedings against prison officials." <u>Leavitt v. Allen</u>, 46 F.3d 1114, 1995 WL 44530, at *2 (1st Cir.1995) (unpublished table decision). Moreover, an inmate cannot base a free-standing due process claim merely on the allegation that officers failed to follow prison policies, without also showing that their conduct related to the deprivation of a protected interest, and that the "'constitutional minima'" were not otherwise satisfied. <u>Brewster v. Dretke</u>, 587 F.3d 764, 768 (5th Cir. 2009) (citation omitted). Here, West has failed to plead facts showing that he was deprived of a protected interest relating to the grievance, or that post-deprivation remedies were unavailable. He has thus failed to state a plausible <u>Bivens</u> claim relating to the postdating of the grievance.

2.    <u>FTCA</u>

West has also failed to plead facts sufficient to show that the conduct of prison officials was tortious, insofar as he has failed to show that the post-dating of his complaint proximately caused him any injury, which are requisite elements of a tort claim.  See <u>Taylor v. United States</u>, 951 F. Supp. 298, 303 (D.N.H. 1996).  Accordingly, the complaint fails to state any plausible FTCA claim relating to the post-dated grievance.

F.    <u>Reclassification and Transfer</u>

1.    <u>First Amendment Retaliation</u>

West alleges generally that he was reclassified and transferred to FCI-Allenwood in retaliation for filing grievances at FCI-Berlin.  West has failed to allege any facts, however, indicating that the reclassification and transfer can be deemed to be more than <u>de minimis</u> acts.  See <u>Jones v. Caruso</u>, 421 F. App'x 550, 553 (6th Cir. 2011) (citation omitted) ("alleged retaliatory transfer ordinarily should be characterized as de minimis," except where "foreseeable, negative consequences 'inextricably follow' from the transfer" (citations and internal quotation marks omitted)).  Moreover, West has failed to plead any facts showing a causal connection between the reclassification, the transfer, and his conduct in filing grievances.  Accordingly, West has failed to plead a plausible

7

Bivens claim of retaliation relating to his exercise of First Amendment rights.

        2.   FTCA

No facts alleged by West suggest any basis for finding the United States liable under the FTCA for reclassifying West and transferring him to FCI-Allenwood. Cf. Santana-Rosa, 335 F.3d at 44 ("decisions with regard to classification of prisoners" and "assignment to particular institutions or units . . . must be viewed as falling within the discretionary function exception to the FTCA, if penal institutions are to have the flexibility to operate"). Accordingly, West has not stated a plausible FTCA claim concerning the transfer to FCI-Allenwood.


II.  Motions (Doc. Nos. 3, 8, and 13)

West has filed a motion to appoint counsel (doc. no. 3). This court has discretion to deny that motion, unless the indigent litigant shows that his case presents exceptional circumstances, such that fundamental unfairness, impinging upon the right to due process, is likely to result if counsel is not appointed. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). West has demonstrated an ability to file cogent pleadings and motions. His indigency, incarceration, and inexperience with civil litigation do not, at this time, threaten to result in fundamental unfairness. The motion to appoint counsel (doc. no.

3) is denied without prejudice to refiling should exceptional circumstances arise warranting an appointment. The remaining motions filed by West (doc. nos. 8, 11, and 13) are denied without prejudice as premature.

## Conclusion

West is granted fourteen days from the date of this order either to file an amended complaint, or to show cause why this action should not be dismissed for failure to state a claim upon which relief can be granted. The motions to appoint counsel (doc. no. 3), to show exhaustion of administrative remedies (doc. no. 8), to attempt to settle administrative remedies (doc. no. 11), and for summary judgment (doc. no. 13) are denied without prejudice.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 4, 2014

cc:  Ronald Blue West, pro se